CHARLES H. JOHNSON v. W. H. PARKER and others.

*Statute of Limitations—Adverse Possession—Color of Title.*

1. The provisions of the Rev. Code ch. 65 § 1, relative to the time of commencing actions, govern all cases where the cause of action accrued prior to the adoption of the C. C. P., Title IV.

2. Seven years exclusive adverse possession of land under color of title will protect the occupant from the claim of the true owner, unless such owner be under some disability, and in that event, his right must be asserted within three years from the removal of the disability.

CIVIL ACTION to recover Possession of Land tried at Spring Term, 1877, of PITT Superior Court, before *Eure, J.*

Previous to the year 1826, Howell Hearne owned a tract of land in Pitt county, and in that year conveyed it to John A. Atkinson in trust to secure debts due to B. A. Atkinson, but remained in possession thereof; and in 1833, he conveyed it in fee to said B. A. Atkinson, but continued to remain in possession ; and in the same year Atkinson conveyed to Charles Johnson, the father of plaintiff, who married the daughter of Hearne, and he and Hearne lived together on said land until August 15th, 1835, when Johnson died leaving him, surviving, a widow—Hearne's daughter—who two days after her husband's death gave birth to the present plaintiff his only heir at law. About a month thereafter Hearne died leaving him, surviving Violetta Johnson—mother of plaintiff—Rufus Hearne and Alumina, then the wife of H. G. Parker and the mother of the defendants. The additional facts appear in the opinion. His Honor held that the plaintiff's right of action was barred by the statute of limitations and upon this point the case turns in this Court. Judgment. Appeal by plaintiff.

*Messrs. Gilliam & Gatling,* for plaintiff.
*Messrs. Jarvis & Sugg* and *D. M. Carter,* for defendants.

BYNUM, J.   All the exceptions taken during the progress of the trial in the Court below were decided in favor of the plaintiff, except one, and as the judgment was in favor of the defendants, only the plaintiff's exception which was overruled is the subject of review ; and while we think that exception was decided correctly, it is unnecessary to dwell upon it as in our view of the case it becomes immaterial.

In 1837 or '38, the three heirs at law of Howell Hearne who had no color of title himself, took possession of the land in controversy and made an actual division of it into three equal parts by metes and bounds, each one taking possession of and occupying adversely his or her share. Violetta, one of the said heirs, conveyed her share by deed reciting the division to one Robertson, and from him it came to Parker, the husband and father of the defendants, who are his widow and children, in December, 1848, by mesne conveyances.   Rufus, another heir, sold and conveyed his share to the said Parker in 1841, by deed with the like recital. Alumina, the remaining heir, and wife of Parker, died, leaving three children, her heirs at law, all of whom conveyed by deed the share derived from their mother to the said Parker,—one of them, on the 28th of April, 1859, a second, on the 29th of July, 1859, and the third, on the 26th of April, 1860.   Parker claiming under these deeds remained in the exclusive adverse possession of the land from their respective dates until his death, in 1872, and those from whom he derived title occupied and held the land exclusively and adversely from the said division in 1837 or '38, until they conveyed to Parker as we have just stated.

The plaintiff claims as the sole heir at law of his father,

Charles Johnson, who claimed by mesne conveyances from Howell Hearne, dated in 1833, under whom the defendants also claim. Charles Johnson, the father of the plaintiff, died on the 15th of August, 1835, and the plaintiff was born two days thereafter, to wit, August 17th, 1835, and became of age, August 17th, 1856.

This action was begun on the 14th of October, 1872, and the defendants rely upon the statute of limitations as a bar thereto ; Rev. Code ch. 65, § 1 ; this being a case where the right of action having accrued prior to the adoption of C. C. P. is not governed by its provisions, though they do not as affecting this case materially vary from the provisions of the Revised Code.

The title of the plaintiff accrued to him at his birth, August 17th, 1835, being thirty seven years before the commencement of the action. He arrived at age on the 17th of August, 1856, or sixteen years before this action was begun. Deducting the time of the plaintiff's disability of infancy and the time of the suspension of the statute of limitations, to wit, from the 20th of May, 1861, to the 1st of January, 1870, more than seven years remained after the removal of his disabilities and the counting out of the period of the suspension of the statute, before he commenced this action.

The statute of limitations applied to this state of facts declares that the action shall be commenced within three years next after full age, or the plaintiff " in default thereof shall be utterly excluded and disabled from any entry or claim thereafter to be made." The plaintiff's right of action was therefore barred as the Court below held.

No error.                                   Affirmed.