REBECCA BLUE v. JAMES GILCHRIST.

*Statute of Limitations— Witness.*

1. The provisions of section 41 of the code of civil procedure do not apply to causes of action existing before the adoption of the code in 1868.

2. Where a cause of action upon an account accrued before 1868, and more than three years elapsed after the statute began to run (in January, 1870,) and before suit brought, the action is barred ; and where the party owing the account was living in the state at the time the cause of action accrued (1866) and afterwards removed therefrom (1869) and has been continuously absent since, *it was held,* that the case does not fall within the exception contained in section 10, chapter 65, of the Revised Code.  The absence of the party in such case does not operate to prevent the running of the statute.

3. A party to a note under seal executed before 1868, sued thereon, is not a competent witness under chapter 183 of the acts of 1879, to prove payment thereof.

CIVIL ACTION, tried on appeal from a justice's judgment, at Fall Term, 1880, of MOORE Superior Court, before *Avery, J.*

The action was commenced on the 19th of February, 1875, and the plaintiff declared on a note under seal for sixty-three dollars and eleven cents executed by the defendant to Mc-Neill & McLeod, who were partners in business, on the 24th day of April, 1862, and assigned to plaintiff in 1866.

The defendant set up in his answer by way of counter-claim an open account in favor of defendant against McKoy

McNeill, a member of said firm of McNeill & McLeod, the first item of which bore date January 28th, 1863, and the last, February, 1866. The defendant also relied in his answer upon the plea of payment.

The plaintiff replied and pleaded the statute of limitation to the account. It was agreed that McKoy McNeill left the state of North Carolina in the year 1869, and has since resided in the state of South Carolina.

The defendant Gilchrist was then introduced in his own behalf, to prove the justness of his account, and while he was under examination, his counsel proposed to ask him the question : " Have you paid the note sued on ; if so, when and how ?" The plaintiff's counsel objected on the ground that the defendant was under the provisions of chapter 183, act of 1879, incompetent as a witness to prove that the said note was paid. The objection was sustained and the defendant's counsel excepted. Defendant's counsel then proposed to show by witness that Mrs. Jane McNeill offered to pay the account in 1864, but the witness told her not to do so ; that it could be credited on the note sued on. The plaintiff's counsel objected ; the objection was sustained, and defendant's counsel excepted.

Mrs. Gilchrist, the wife of the defendant, was then introduced on the part of her husband to prove, in contradiction of the testimony of Mrs. McNeill who had sworn that the account had been paid, that only a part of it had been liquidated, and the defendant's counsel proposed to show by her that in conversation with said Jane McNeill, witness said " I cannot pay for the barrel," (meaning a barrel which she had got from Mrs. McNeill), and Mrs. McNeill replied, " there is an account between Mr. Gilchrist and Mr. McNeill, and he owes Mr. McNeill a note, and it can be settled by them." The testimony was objected to by the plaintiff's counsel, the objection was sustained, and the defendent excepted.

The court held that the account was barred by the statute of limitations and the jury returned a verdict in favor of the plaintiff, upon which judgment was rendered against the defendant for the amount of the note and the interest subject to the scale, as provided by law, and the defendant appealed.

*Messrs. Hinsdale & Devereux*, for plaintiff.
No counsel for defendant.

ASHE, J.  Exception was taken by the defendant's counsel to the ruling of His Honor in regard to the statute of limitations, but in that, we hold there was no error.

The last item of the account was charged in 1866, and more than three years having elapsed after the first day of January, 1870, before the commencement of this action and pleading the counterclaim, the statute was a bar, unless the running of the statute was stopped by the removal of the defendant from the state in 1869.  Section 41, C. C. P., chapter 4, title 1, provides : " If when the cause of action accrue against any person, he shall be out of the state, such action may be commenced within the times herein respectively limited, after the return of such person into the state; and if, after such cause of action shall have accrued, such person shall depart from and reside out of the state, or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."   But section 10, chapter 1, of the same title provides : " That this title shall not extend to actions already commenced, or to cases when the right of action has already accrued, but the statutes in force previous to the ratification of this act shall be applicable to such cases."

This action had accrued on the defendant's account, before the adoption of the code in 1868, and therefore his case·

does not come within its provisions; nor is he helped by the "statutes in force previous to the ratification of the code," for the exception to the barring of actions by the statute on open accounts previous to the adoption of the code is to be found in section 10, chapter 65, of the Revised Code, which provides: "That when any person against whom there is cause of action, shall be beyond sea, or a non-resident of the state, *at the time such cause of action accrued,* the plaintiff may bring his action against such person after his return within the time as heretofore limited for bringing such actions." But the defendant's cause of action had accrued in 1866, and he then had not removed from the state; so his case does not fall within this exception, and the statute is a complete bar to his action, and it is therefore needless to consider his exceptions taken to the refusal of the court to admit the evidence offered by the defendant, tending to establish the justness of his account, for it is immaterial whether the account is correct or not, if it is barred by the statute.

The only other exception presented for our consideration is to the exclusion of the testimony of the defendant, that the bond sued on had been paid.

The ruling of the court upon this point is also sustained, for the defendant was clearly an incompetent witness for that purpose, under the provisions of the act of 1879, ch. 183. This act provides that no person who is a party to a suit now existing, or which may hereafter be commenced in any court in this state that is founded on any bond under seal for the payment of money, executed previous to the first day of August, 1868, shall be a competent witness. The witness offered is a party to the suit, the action is founded upon a bond under seal, and it was executed before the first day of August, 1868. It is just such a case as it was intended the act should apply to. There is no error. The judgment of the superior court must be affirmed.

No error.                              Affirmed.