O. P. WHITE v. JOHN R. BEAMAN.

*Statute of Presumptions—Credits on Bonds—Evidence.*

Where credits endorsed on a bond are relied on to repel the statutory presumption of payment, it is necessary for the plaintiff to establish by proof, *aliunde* the entry of payment, that the same was made before the presumption arose.

(*Williams* v. *Alexander,* 6 Jones, 137; *Woodhouse* v. *Simmons,* 73 N. C., 30; *Grant* v. *Burgwyn,* 84 N. C., 560; *Johnson* v. *Parker,* 79 N. C., 475; *Blue* v. *Gilchrist,* 84 N. C., 239, cited and approved.)

CIVIL ACTION, tried on appeal from a justice's court, at January Special Term, 1881, of SAMPSON Superior Court, before *McKoy, J.*

The action was brought on May 12th, 1877, by the plaintiff and others, as administrators of James White, deceased, against the defendant and others, upon a promissory note under seal in these words:

$209.99.    One day after February 3rd, 1852, I promise to pay to Malcom Monroe, or order, two hundred and nine 99–100 dollars for value received.

DANIEL MELNIN, [Seal.]

The defendants allege payment and rely upon the statutory presumption arising out of the lapse of time since the

note became due to the institution of the suit. To rebut this defence, the plaintiffs read in evidence two endorsements of partial payments upon the note, and proved that the first was not, and the second was, in the handwriting of the plaintiffs' intestate.

The endorsements are as follows; Received of the within note two hundred and fifty dollars by Aaron Simmons for D. Melvin, this 3rd day of February, 1857. Received of the within note five dollars in whiskey, this 6th day of August, 1865.

No proof of any actual payment was offered, and none to fix the dates of the respective endorsements, or to show that either was put upon the note before the expiration of the time which raises the presumption, other than such as the endorsements themselves furnish. The court was asked to charge the jury that the last entered credit, written by the plaintiffs' intestate, and alone available in time for the purpose, was insufficient to prove the recited payment and remove the presumption, unless it was upon the note before the presumption arose and when it was against the interest of the holder, and this fact to render the evidence competent must be proved *aliunde*, and further, that none such had been adduced. The court instructed the jury that a partial payment would rebut the presumption, but to have such effect, an endorsed credit, as evidence of such payment, must have been entered before the presumption of full payment arose, and when it was adverse to the interests of the holder; and left it to the jury to determine when the credit was entered in fact. Verdict for plaintiffs, judgment, appeal by defendants.

*Mr. E. W. Kerr*, for plaintiffs.
*Mr. J. L. Stewart*, for defendants.

SMITH, C. J., after stating the case. The defendants were

in our opinion entitled to the instruction asked, that there was no evidence upon which the jury could find the credit entered before the presumption, and thus render it competent proof of actual part payment then made, and there was error in refusing it. The law governing the case is well settled in this state by the adjudications in *Williams* v. *Alexander*, 6 Jones, 137, and *Woodhouse* v. *Simmons*, 73 N. C., 30, cited in the argument for the plaintiffs, and in *Grant* v. *Burgwyn*, 84 N. C., 560.

It is equally well settled that it is controlled by the former statute of limitations and is not affected by any provisions of the new. C. C. P., § 16. *Johnson* v. *Parker*, 79 N. C., 475; *Blue* v. *Gilchrist*, 84 N. C., 239, and numerous references in the notes to section 16 in Tourgee's Code and his Statutory Adjudications.

There is error and must be a new trial, and it is so ordered. Let this be certified.

Error.                                                    *Venire de novo.*