S. B. CHRISTENBURY v. C. C. KING.

*Adverse Possession—Color of Title—Estoppel—Evidence.*

1. When the plaintiff's title to land is based on a seven years' adverse possession under a colorable claim, the law does not require that such possession should be for the seven years next preceding the commencement of the action.

2. When the title to land is out of the State, the adverse possession of the same, with color of title, by the occupant and those under whom he claims (the adverse claimant not being under disability) will vest in him the title against all the world, which cannot be divested except by a subsequent continued adverse possession for seven years with color of title, or twenty years' adverse possession without color.

3. It is a rule of justice and convenience, adopted to relieve the plaintiff in ejectment from the necessity of going behind the common source of title, that when both parties claim under the same person, neither of them can deny his right, and the elder title must prevail, unless the defendant can connect himself with a better title outstanding.

4. If the defendant who derives his title from the same source as the plaintiff can show that a deed in the chain of the plaintiff's title was never delivered save as an escrow, he may *then* build up his own title under a junior grant, by proper evidence.

(*Johnson* v. *Parker* 79, N. C. 475 ; *Lenoir* v. *South*, 10 Ired. 237 ; *Freeman* v. *Loftis*, 6 Jones, 524 ; *Caldwell* v. *Neely*, 81 N. C. 114 ; *Gilliam* v. *Bird*, 8 Ired. 280 ; *Ives* v. *Sawyer*, 4 Dev. & Bat. 51 ; *Fray* v. *Ramsour*, 66 N. C. 466, cited and approved.)

CIVIL ACTION to recover land tried at Spring Term, 1881, of MECKLENBURG Superior Court, before *Eure, J.*

The plaintiff claimed under a deed from Levi Spencer, William Foster and wife Mary Ann, and Rufus Nicholson and wife Annabella, dated March 15, 1870, to one John Davidson, (as to the execution of which deed, the femes covert were privily examined according to law) and a deed from John Davidson to the plaintiff. In order to estop the defendant from questioning Spencer's title, the plaintiff introduced a deed from said Spencer dated......day of.......... 18......, to one Schenck, and a deed from Schenck to defendant, conveying the premises in dispute, and it was admitted by defendant that he claimed the land under Spencer. The plaintiff also introduced a deed for the land, dated in 1854, from W. F. Strange to Minta Prim (or Spencer), and proved that Mary Ann Foster and Annabella Nicholson were the only children and heirs at law of said Minta, and that at the time of the execution of the deed by Strange to Minta, she was a free woman of color, and Levi Spencer was a slave, and that they were living together as man and wife and continued to live as such up to March, 1866, when Minta died. Mary Ann was a child of Minta by said Spencer. It was further in evidence that at the time of the

purchase, Minta took possession of the land, and with said
Levi Spencer lived upon it until her death.   It was in evi-
dence that this property was in possession of the North
Carolina gold mining company in the year 1830 with deed,
by known and visible boundaries, and different persons
claiming under said company to 1849, when one Boyd was
in possession, and that said Strange was in possession of it
in 1849, and the possession has been in him and those
claiming under him up to the present time.   There was no
evidence of any connection between Boyd and Strange.

The defendant offered evidence tending to show that the
deed from Spencer and the others had never been delivered
as a deed, but as an escrow, and that Davidson had obtained
it by unfair means ; but on the other hand, proof was offered
to show that the deed had been delivered and was *bona fide.*
The defendant also introduced testimony to show that the
money paid by Minta to Strange for the land, had been
furnished by Levi Spencer who was then a slave, and. also
that he had a life estate in the land as tenant by the curtesy.

The following issues were submitted to the jury :

1. Is the plaintiff the owner of and entitled to the posses-
sion of the property?   Ans.   Yes.

2. Does defendant withhold possession ?   Admitted.

3. What damage has plaintiff sustained ?   Ans.   $100.

4. Was the deed from Spencer, Foster and wife, and Nich-
olson and wife, delivered to John Davidson ?   Ans.   ——.

5. Did Spencer pay the purchase money and have the
deed made to Minta his wife?   Ans.   ——.

6. Was there a marriage between Levi Spencer and Minta
Prim ?   Ans.   ——.

The defendant requested the court to charge the jury,
" that for the plaintiff to make out his title through Strange
by length of possession, the title being proved out of the
state, it was necessary for him to prove twenty years' con-
tinuous adverse possession, under known and visible boun-

daries, in the plaintiff and those under whom he claims; and in order for plaintiff to make out his title under the deed from Minta, as color of title, it was necessary that he and those under whom he claims should have had possession of the land continuously for seven years next preceding the commencement of the action." The court refused this instruction, and charged the jury that if they should find from the evidence that Spencer (and the others) made and delivered the deed to John Davidson, not as an escrow, but as a deed, then they must find the first issue in the affirmative, that is, in favor of plaintiff, and in that event they need not consider any of the other issues, except the third as to damages; but if they should find that the deed was not made and delivered to Davidson by all of said parties, but was delivered as an escrow by Spencer or either of the other parties, then they should find the other issues according to the preponderance of the evidence, and that as the defendant claims through Spencer and Strange, he was estopped to deny title in them.   Defendant excepted.

The jury found the first and third issues in favor of plaintiff.   Judgment, appeal by defendant.

*Messrs. J. E. Brown* and *C. Dowd,* for plaintiff.
*Messrs. Jones & Johnston,* for defendant.

ASHE, J.   The instructions asked by the defendant were properly refused.   The first instruction asked could not have been given, as there were other grounds disclosed in the evidence upon which the plaintiff was entitled to a verdict; and it would have been error to have given the second, because the law does not require that the seven years' adverse possession, with color of title, which gives a title under the statute of limitations, shall be a possession *next* preceding the commencement of the action.   How could it

be, when the defendant is in possession, and must be proved to be so, in order to sustain the action.

When the title to land is out of the state, the continuous adverse possession of the same for seven years with color of title by the occupant and those under whom he claims (the adverse claimant not being under disability) will vest in him the title against all the world, which cannot be divested except by a subsequent continued adverse possession for seven years with color of title, or twenty years' adverse possession without color. *Johnson* v. *Parker*, 79 N. C., 475; *Lenoir* v. *South*, 10 Ired., 237; *Freeman* v. *Loftis*, 6 Jones, 524.

His Honor, we think, in his charge to the jury, put the case upon its true ground. He told them that if they should find that the deed made by Levi Spencer, and the others, was delivered by them, not as an escrow, but as a deed, they must find the first issue in the affirmative, and in that event they need not consider any of the other issues, except the third as to damages; but if they should find the deed was delivered as an escrow by Spencer or either of the other parties, they should find the other issues according to the preponderance of the evidence, and that as defendant claimed through Spencer and Strange, he was estopped to deny title in them.

Both parties claim title under Spencer. The plaintiff deduced his title by a deed from John Davidson to himself, a deed from Spencer, Foster and wife, and Nicholson and wife to Davidson, the femes covert being children and heirs of Minta Spencer. The deed from Levi Spencer and the heirs of Minta bears date the 15th of March, 1870, and the date of the deed from Spencer to Schenck is left blank in the "statement of the case," but we must assume it was of junior date to that from Spencer and the others to Davidson, as it seems to have been so treated on the trial below, and the case was agued in this court upon that assumption.

It is well settled as an inflexible rule, that where both parties claim under the same person, neither of them can deny his right, and then as between them, the elder is the better title and must prevail. *Caldwell* v. *Neely*, 81 N. C., 114; *Gilliam* v. *Bird*, 8 Ired., 280; *Ives* v. *Sawyer*, 4 Dev. & Bat., 51. To this rule there is an exception, when the defendant can show a better title outstanding, and has acquired it.

But the defendant's counsel contends that estoppels must be mutual, and in this case there is no mutuality; and by way of illustration, he says, if the case were reversed and the defendant claimed under the deed made by Levi Spencer and the children of Minta, the plaintiff claiming under the deed from Levi alone, could not recover. That is so, because he would be not only estopped by the application of the general rule, but the case would come under the exception to the rule, because the defendant could show in that case a better title in the heirs of Minta, derived from her, and that he had acquired it. It must be borne in mind, that the general rule applicable to cases like this, is not strictly an estoppel, but a rule of justice and convenience adopted by the courts to relieve the plaintiff in ejectment from the necessity of going back behind the common source, from which he and the defendant derive title, and deducing his title by a chain of mesnes conveyances from the state. *Frey* v. *Ramsour*, 66 N. C., 466.

But again, the defendant insisted on the trial below, and offered proof to show, that Levi Spencer was a tenant by the curtesy of the land in controversy. If that be so, then he must have claimed through his wife, Minta, from W. F. Strange, and hence it would follow that both parties claim under Strange and are estopped to deny his title. So that in whatever view we consider the case, under the rule above stated, it is shown that the plaintiff has the elder title de-

rived from Spencer or Strange, and has therefore the better title, and it must prevail.

No error. Affirmed.