A. E. WALKER v. MOULTON MOSES.

*Deed—Description—Adverse Possession—Divesting Title of*
*State—Color of Title.*

1. A description of land in a deed, as "the tract left me by my late grandfather M. P., adjoining the lands of H. and S. and others, containing 180 acres," suggesting, as it does, the possibility of identifying it by extrinsic proof of the fact that the ancestor had left it, that it adjoined the lands of the persons named, etc., is not void for uncertainty.

2. The State is deemed to have surrendered its right where it permits an adverse occupation of land under colorable title without interruption for twenty-one years, and a title vests in the occupant which can only be divested by a subsequent adverse possession by another till his right in turn ripens in the same way.

3. When title is shown out of the State by adverse possession, one who thereafter acquires title under a Sheriff's deed and holds possession thereunder for seven years, has good title against one who subsequently obtained a grant from the State.

CIVIL ACTION for the recovery of land, commenced on the 3d day of August, 1891, and tried at Fall Term, 1893, of BURKE Superior Court, before *Boykin, J.,* and a jury.

The plaintiff introduced a grant to Nancy A. Walker for the land described in the complaint, dated 5th June, 1884. There was evidence of possession under the grant only until the spring of 1885.

The defendant introduced a deed from Michael Pearson to Hansen P. Satterwhite, dated May 4, 1841, to which plaintiff objected, on the ground that the description was too indefinite to be made certain by parol testimony, and that the deed could not be relied on as color. The objection was overruled, and plaintiff excepted.

The description was as follows: "A certain tract or parcel of land in the County of Burke and State of North Carolina, on the waters of Silver creek, adjoining the lands of

Andrew Hemphill, H. B. Satterwhite and others, containing 180 acres, more or less, it being the land left me by my late grandfather Michael Pearson, and bounded as follows: begin-on a, * * * together with all the woods, waters, mines," etc.

The defendant also introduced a deed from Alex. Duck-worth, Sheriff of Burke County, to John H. Pearson, dated 26th January, 1870, reciting a sale of the land on the 25th day of August, 1854, under execution against the heirs of Hansen P. Satterwhite, at which sale John H. Pearson had bought.

It was admitted that defendant, or those under whom he claimed, had a complete chain of title from the Sheriff's deed of 1870 down to the beginning of the action, except for the interruption by the issuance of the grant to plaintiff.

It was also admitted that all of the deeds introduced by defendant covered the land in dispute, except the deed of 1841.

There was evidence that the land had been in the unin-terrupted possession of Michael Pearson and his ancestors for about thirty years prior to the deed of 1841, and of Satter-white and his heirs down to the Sheriff's sale in 1854, and of the defendant and those under whom he claims from the sale to the trial of the action, excepting as to a part of the land, which was occupied by plaintiff under the grant of 1884 for a few months.

The issues submitted were—

"1. Is the plaintiff the owner of the land described in the complaint?"

"2. Does the defendant unlawfully withhold the posses-sion thereof from the plaintiff?"

His Honor charged the jury, among other things, that the plaintiff had made out a *prima facie* case, and would be entitled to have them answer the issues "Yes," if the jury believed the plaintiff's evidence, unless the defendant had shown title in himself or those under whom he claimed as

WALKER v. MOSES.

tenant; that defendant could not rely on the deed of 1870 and twenty-one years' possession thereunder prior to the bringing of this action to ripen title as against the plaintiff, for the reason that he had not had possession under said deed for twenty-one years prior to the plaintiff's grant, but it being admitted that all of the deeds of defendant or those under whom he claimed covered the land in dispute, except the deed of 1841, and that defendant or those under whom he claimed had a complete chain of title from the deed of 1870 down to defendant; therefore, if the deed of 1841 covered the land in dispute, and the defendant and those under whom he claimed had had actual possession of the land covered by the deed, or of any part thereof, from the date of the deed to the beginning of the action, under known and visible boundaries, for twenty-one years, there being no other person in the actual possession of any part thereof, such possession, even of a part, would be possession of the whole, and defendant would be entitled to have them answer the first issue "No," and if they so answered, they need not answer the second issue.

The jury answered the first issue "No."

After verdict the plaintiff moved for a new trial, for error in the charge so far as the same related to possession by the defendant and those under whom he claimed under the deed from Michael Pearson to H. P. Satterwhite, and so far as said instruction held said deed to be color of title. Motion refused, and after judgment for defendant, plaintiff appealed.

*Messrs. S. J. Ervin* and *J. T. Perkins,* for plaintiff (appellant).
*Mr. Isaac Avery,* for defendant.

AVERY, J.: The description of the land conveyed in a deed as the tract "left me by my late grandfather Michael Pearson," and as " adjoining the lands of Andrew Hemphill, H. B. Satterwhite and others, containing 180 acres, more or less,"

34

suggests upon its face the possibility of identifying it by
extrinsic proof of the fact that the ancestor named had left
it, and that it adjoined lands of the persons mentioned, and
possibly the additional circumstance that it corresponded in
size. *Massey* v. *Belilse*, 2 Ired., 170; *Blow* v. *Vaughan*, 105
N. C., 198. The description is not therefore void for uncer-
tainty, and the exception to the ruling that the boundaries
could be located by parol proof is not well taken.

The only remaining exception was to the instruction that
the deed executed by Michael Pearson to Satterwhite in 1841
was color of title. There being no exception to the suf-
ficiency or competency of testimony offered to fit the descrip-
tion to the *locus in quo*, we must assume that the necessary
extrinsic proof was offered to locate the boundaries of that
tract, so as to include the land in controversy. The undis-
puted testimony tended to show that the land covered by that
deed (there being no question raised as to its actual identifi-
cation by the evidence offered, if parol proof was competent
for that purpose) had been in the possession of the grantee
Satterwhite and his heirs for more than twenty-one years
from its execution, in 1841, till John H. Pearson took pos-
session, in 1854, and until title was made to Pearson, in 1870,
if that deed did not relate to the sale. If it did relate back,
twenty-one years elapsed after Pearson's possession began.
There was no error in instructing the jury that such a posses-
sion would divest the title of the State and vest it in the heirs
of Satterwhite or of Pearson. *Mobley* v. *Griffin*, 104 N. C.,
112. The State is deemed to have surrendered its right
where it permits such an occupation without interruption
for twenty-one years, and a title vests in the occupant
which can only be divested by a subsequent adverse pos-
session by another till his right in turn ripens in the same
way. *Christianbury* v. *King*, 85 N. C., 229; *Avent* v. *Arring-
ton*, 105 N. C., 377. The first duty incumbent on one
who essays to show title good against the world is to prove
that the State has conveyed the land in controversy to some

person, or that, by reason of continuous occupation by such claimant, or those through whom he deraigns title for the statutory period, "the State will not sue" for trespass or prefer any claim to the profits. *The Code*, § 139. If the defendant failed to connect himself with the possession of Satterwhite or his heirs, it was, nevertheless, admitted that he had shown a connected chain of title and continuous possession in himself and those through whom he claimed from January 26, 1870, the date of the Sheriff's deed to John Pearson, to the 3d day of August, 1891. Having shown that the interest of the State had passed to the heirs of Satterwhite, it was then sufficient as against them to prove a subsequent adverse possession for seven years under color of title in those under whom the defendant claims, in order, in turn, to divest the right of said heirs and transfer it to the defendant. Therefore, by the occupation of Pearson and his devisees under the Sheriff's deed and his will, an indefeasible title passed to them at the end of seven years from the 26th of January, 1870, which, it was admitted, was transmitted to the landlord of the defendant. The issuance of a grant by the State in 1884 for any portion of the land covered by the Sheriff's deed could not impair the title of those under whom the defendant claims, which had ripened so as to include all of the land within the limits of the deed to Pearson. *McLean* v. *Smith*, 106 N. C., 172. There was no evidence of an occupation by the plaintiff under his grant, except that by his tenant, Satterwhite, which continued only for a short time after the date of the deed (June, 1884), till the spring of 1885, when it was abandoned, and that was insufficient to impair the title acquired under the Sheriff's deed.

The plaintiff had no cause to complain of the instruction that the issuing of the grant was such an interruption as arrested the running of the statute [*The Code*, § 139 (2)] in favor of the defendant by virtue of the possession under the Sheriff's deed and subsequent conveyances.

It is needless to discuss the question whether the Sheriff's deed related back from its date in 1870 to the sale in 1854, so as to make the possession of Pearson, the purchaser, which began immediately after the sale, adverse to the claim of the heirs of Satterwhite (the grantee in the former deed), who surrendered the possession to Pearson and would have been estopped from denying his title had he caused the Sheriff's deed to be executed immediately after the sale. If Pearson entered under the Satterwhite heirs, his possession from 1854 to 1870 was but a prolongation of theirs, by which they had already acquired title. If he held adversely, he thereby extended the benefit of his own occupation backward, without benefit to himself, since, by holding for seven years under color, after January 26, 1870, he acquired the title theretofore vested in the Satterwhite heirs, even though he had held under, not adversely to, them till the execution of the Sheriff's deed. For the reasons given, the judgment must be

Affirmed.