Ruffin, C. J.
 

 The instruction was very properly refused, for there was no evidence from which a payment could have been inferred. If the defendant had owed the debt to Alfred Andres, the bacon would not have been a payment, properly speaking, but only formed the subject of a mutual demand, that might have been set off. To make specific articles payments, they must be received as payments, or by subsequent agreement they must be applied as payments. But the case could not be viewed as favourably to the defendant, as to suppose even, that the defendant’s debt belonged to Alfred Andres. There was merely a proposal by the plaintiff, through the witness, that Alfred Andres should accept the plaintiff’s judgment as a credit on the plaintiff’s debt to him. It did not appear, that the witness ever communicated the proposal to Alfred Andres ; much less that the latter had acceded to it; and still less that the defendant was a party to any arrangement made in compliance with the plaintiff’s proposal. On the contrary, the plaintiff was required to pay, and did pay, the whole of his debt to
 
 *161
 
 Alfred Andres, as he was bound to do. There is no ground whatever, on which the defendant can ask the plaintiff to answer for the bacon sold to Alfred Andres, and especially, to-treat the value of it as a-payment on this debt.
 

 Pee CuRiA-nxi Judgment affirmed.-