O. SPRINKLE and wife v. JOHN W. MARTIN.

1. A debtor owing two or more debts to the same creditor and making a payment may at the time direct the application thereof;

2. If he does not direct the application, the creditor may do so;

3. If neither at the time directs the application thereof, the law will apply it to that debt for which the creditor's security is most precarious.

(*Moss* v. *Adams*, 4 Ired. Eq. 42; *Ramseur* v. *Thomas*, 19 Ired. 165; *State* v. *Thomas*, 11 Ired. 251; *Jenkins* v. *Beal*, 70 N. C. Rep. 440 cited and approved.)

CIVIL ACTION, against the defendant as surety on a guardian bond, heard before *Cloud, J.*, at August (Special) Term, 1874, of the Superior Court of WILKES county.

The defendant was surety for one Benjamin P. Martin, who was the guardian of the *feme* plaintiff, his daughter. The plaintiffs had heretofore recovered from the guardian a large amount, which he had received during her minority, from the estate of her grandfather, one Isaac Martin ; the remainder of the judgment being for effects which came into the possession of the guardian from the estate of her uncle, one N. G. Martin ; this latter amount came into the guardian's hands after the *feme* plaintiff became of age, and was not secured by the guardian bond.

On the trial in the Superior Court, at Spring Term, 1874, it was agreed as so the amount of effects which the guardian had received from the estate of her grandfather and which was covered by the guardian bond, and the only contest then arising, was as to the application of $196.47, received by the plaintiffs under the following circumstances :

After the commencement of this action, the plaintiffs, by supplemental proceedings, under Sec. —, C. C. P., had recovered the said sum of $197.47 from one Shuford, who owed the same to the said guardian, by note given for the purchase of a slave which had come into the possession of the guardian from the estate of the said Isaac Martin, and which slave belonged

to the *feme* plaintiff and her mother and sisters—all wards of said guardian, and for whom there was but one bond, which was intended to cover their whole estate. This slave had been sold during the minority of said wards, and without any order of Court.

It was admitted that B. P. Martin, the guardian, was totally insolvent. The defendent insisted that the money collected from Shufford should be applied as a credit on the amount covered by the guardian bond, in exoneration of him *pro tanto.* On the other hand, the plaintiffs contended, that the money thus collected should be applied as a credit on the sum due from the guardian, and which was unsecured, not being covered by the guardian bond.

His Honor being of opinion with the plaintiff, gave judgment accordingly. From this judgment, the defendant appealed.

*Folk & Armfield,* for appellant.
*Furches,* contra.

READE, J. This is the fifth case at least, in our own Reports, in which it is decided : 1. That a debtor owing two or more debts to the same creditor, and making a payment, may at the time direct the application of it.

2. If the debtor does not direct the application at the time, the creditor may make it.

3. If neither debtor or creditor makes it, then the law will apply it to that debt for which the creditor's security is most precarious. *Moss* v. *Adams,* 4 Ired. Eq., 42; *Ramseur* v. *Thomas,* 10 Ired., 165 ; *State* v. *Thomas,* 11 Ired., 251; *Jenkins* v. *Beal,* 70 N. C. Rep., 440.

There is no error.

PER CURIAM.                                    Judgment affirmed.