J. M. WOODHOUSE v. B. F. SIMMONS, Ex'r. of B. B. SIMMONS, deceased.

A mere entry of a part payment on a bond, without other evidence tending to show that such entry was made at a time when it was against the interest of the holder to make such entry, is not of itself sufficient to repel the statutory presumption of payment.

A part payment is necessarily made by the obligor, or at least with his privity; *Therefore*, where A held a bond executed by B and payable to C, and a set off in favor of B, was allowed and entered on the bond by A: *Held*, that this was not a part payment as to C, and did not repel the presumption of payment.

Under sec. 343, C C. P., an obligor of a bond is not a competent witness to prove any transaction between himself and the obligor, when such obligor is dead at the time of trial, although he may have previously asssgned the bond.

(The cases of *Walker* v. *Wright*, 2 Jones 155; *Buie* v. *Buie*, 2 Ired. 87; *Wood* v. *Dean*, 1 Ired. 280; *McKeathan* v. *Atkinson*, 1 Jones 421: *Lowe* v. *Powell*, 3 Jones 67; *Williams* v. *Alexander*, 6 Jones 137, cited and approved.)

APPEAL from a Justice's Court, tried before *Albertson, J.*, at Spring Term, 1874, CURRITUCK Superior Court.

The action was brought upon the following bond:

On demand, with interest from the 28th of May, 1850, and for value received, the undersigned promise to pay to Hodgers Gallop or order, two hundred dollars for value received.

Witness our hands and seals.

R. R. HEATH.   [L. S.]<br>B. F. SIMMONS.  [L. S.]

The defendant pleaded the statute of limitations, to which the plaintiff replied, partial payment within ten years. The plaintiff offered in evidence a receipt upon said bond, and introduced H. Gallop, the payee of the bond, who swore that

the receipt endorsed upon said bond was for money due to R. R. Heath for professional services, and so credited.

The plaintiff then offered to prove that the bond had not been paid. .Both the obligors of the bond being dead, his Honor ruled out this evidence. To this ruling plaintiff excepted.

His Honor being of the opinion that the receipt on the bond and the evidence of Gallop, the payee of the bond, were not sufficient evidence of a payment within ten years, gave judgment for the defendant. Thereupon the plaintiff moved for a new trial. The Court refused the motion and the plaintiff appealed.

*Busbee & Busbee*, for appellant.
*Smith & Strong*, contra.

1. It is the payment of part of a bond, not the endorsement of such payment, that repels the presumption from lapse of ten years of payment of the bond. 2 Greenl. Ev., sec. 444.

2. The endorsement is only evidence to prove the fact of such payment when in the handwriting of payee and in the absence of evidence of knowledge or assent of obligors thereto, when it is shown that such payment was evidenced before the presumption of payment arose. *Williams* v. *Alexander*, 6 Jones, 137.

3. Admissions made after such lapse of time by one of several makers, not admissible against the others. Rev. Code, chap. 65, sec. 22.

4. The payee was not a competent witness to prove the fact of payment in favor of the plaintiff who claims under him. *People* v. *Maxwell*, 64 N. C. Rep., 313; *Isenhour* v. *Isenhour*, 64 N. C. Rep., 640; *Hallyburton* v. *Dobson*, 65 N. C. Rep., 88; *State* v. *Morris*, 69 N. C. Rep., 444.

RODMAN, J. Title IV of the Code of Civil Procedure, entitled ".Limitations," is not applicable in the present case; that

statute being confined to causes of actions which arose after August, 1868, C. C. P., sec. 16. The question respecting the payment of the bond sued on is governed by the law existing when it became due. The Act of Assembly bearing on it is, Rev. Code, chap. 65, sec. 18 : " The presumption of payment or satisfaction on all judgments, decrees, contracts and agreements, had or màde, shall arise within ten years after the right of satisfaction on the same shall have accrued, *under the same rules which now prevail.*

It was not the object of this act to create a presumption which did not exist before, but merely to shorten and accurately define the time within which it should arise. Under this act it was settled that the lapse of time had an artificial and technical force beyond what a jury might give to it as merely a portion of evidence on the question of actual payment, and that unless repelled in some way allowed by law, the presumption was conclusive. *Walker* v. *Wright,* 2 Jones, 155.

It was held, however, that the presumption might be repelled by proof of circumstances that clearly showed that payment had not in fact been made. What circumstances would suffice for this purpose was matter of law. *Buie* v. *Buie,* 2 Ired., 87 ; *Walker* v. *Wright,* 2 Jones, 155.

The fact that there was no person authorized to receive payment was of course sufficient. *Buie* v. *Buie,* 2 Ired., 87. The continued insolvency of the debtor was a circumstance from which a jury might infer against the presumption that the bond had not in fact been paid. *Wood* v. *Dean,* 4 Ired. 280 ; *McKinder* v. *Littlejohn,* 4 Ired., 198. It may be doubted whether the ruling was consistent with the true theory of a statutory presumption, having an artificial and technical weight. But it is not necessary to consider it in this case.

It was also held that a part payment of the bond, by the debtor, repelled the presumption. *McKeathan* v. *Atkinson,* 1 Jones 421 ; *Lowe* v. *Powell,* 3 Jones 67. And that a credit of a part payment entered by the obligee, before the expiration of the ten years and within ten years of the bringing of the

suit, was evidence of the payment, and rebutted the presumption. *Williams* v. *Alexander*, 6 Jones, 137.

The question then arises: Does the entry on the note in suit in this case bring the case within the rule established in *Williams* v. *Alexander?*

In the first place, it must be noted that there is no evidence, other than the date given in the entry itself, that it was made within ten years after the bond became due. The reason why the entry by the obligee of the payment is received as evidence, is because it was against his interest when made, and by reason of his death or incompetency as a witness, the fact cannot be proved in any other way. Evidently this reason requires and presumes that there is evidence *aliunde*, that the entry was made at a time when it was against the interest of the holder to make it; that is to say before the presumption had arisen. In *Williams* v. *Alexander* there was such proof. Otherwise the presumption might be evaded by a false entry at any time. For this reason we are of opinion that the entry (supposing it to have been an entry of a part payment) was not evidence that it was made at the date stated in it, or before the presumption had arisen, and was therefore insufficient by itself to rebut the presumption.

Secondly. The entry under consideration is not an acknowledgment of a part payment. It was an acknowledgment by the obliger or holder that Heath had a set-off to the amount of $10, which the holder was willing should be applied as a part payment. A part payment is necessarily made by the obligor or with his privity. It may be fairly construed as an acknowledgment of the bond as a valid subsisting debt, and as equivalent to a promise to pay the residue. But this cannot be said of an appropriation by the obligee alone, and without the privity of the obligor, of a set-off in favor of the obligor, as a part payment on a bond. This is exclusively the act of the obligee, of which the obligor has no knowledge, and it cannot be held as an acknowledgment by him of the validity of the debt, or as his promise to pay it.

3

Third. Was Gallop a competent witness to prove the non payment of the bond?

Assuming for the present that there was nothing in the merely negative character of the testimony offered to make it incompetent, it must be conceded that he would have been a competent witness at common law, for at the time of the trial, he had no interest in the result of the suit. It is said that he was not rendered incompetent by section 343, of C. C. P., because the object of this act was to lessen and not to increase the grounds of disqualification. As a general proposition this is certainly true. But it is equally clear that unless we disregard the language of the proviso, in sec. 343, the present case is an exception to it. No person who has ever had an interest which may be affected by the event of the action, " nor any assignor of anything in the action, shall be examined in regard to any transaction, &c., at the time of the trial." Although we may not perceive any sufficient reason for disqualifying a witness who has once had an interest, but has parted with it *bona fide*, and not for the purpose of enabling him to testify ; yet the language of the act is too plain and positive to leave us at liberty to disregard it.

It is said, however, that Gallop was not offered to prove any transaction or communication with the deceased obligors, but to prove that there was *no* transaction. This argument is obnoxious to the maxim, " *qui haeret in litera, haeret in cortice.*" The intent of the act evidently extends to the denial of a transaction which presumptively occurred, the effect of the disproof of which would be to charge the estate of the deceased. Perhaps if alive, they might contradict the denial. There is here no opportunity for oath against oath. We think the witness was incompetent to rebut the presumption of the payment of the bond.

PER CURIAM.                                    Judgment affirmed.