## WITTKOWSKY & RINTELS v. S. W. REID.

*Application of payment to open account and note—Judge's Charges.*

In an action on a note, where defendant owed notes and accounts to plaintiff (a creditor firm), the following issues were submitted to the jury : first, Did defendant make the cash payment on general account, or did he reserve the right to apply it afterwards ; second, If the right was reserved were any directions given to apply the money first to the open accounts and the balance on one of the notes.

The evidence was that defendant left the money with the book-keeper at plaintiff's store with a request to get up his papers by the afternoon when he would call and arrange the matter ; one of the firm had agreed that the payment should be applied to the accounts and the balance to the note first falling due ; but upon subsequent disagreement between debtor and the other member of the firm, it was applied to the notes, thereby reducing their sums so as to be cognizable before a justice.

Thereupon defendant asked the court to charge the jury : first, that if they believed there had been a previous agreement with one of the firm about the application of the cash payment (as above stated) then he had a right on his return in the afternoon to have it so applied ; second, if they believed he paid the money as aforesaid, reserving the right to di-

rect its location, he had that right at the time of his return. The first was refused, the second given, and the jury found that it was paid on general account.

*Held*, the refusal of the first instruction was error. The jury should have been aided by the consideration of the conversations between defendant and both members of the firm, in passing upon the second issue. The charge given had the effect of restricting them to the evidence as to the application *at the time* the money was delivered to the book-keeper.

CIVIL ACTION tried at Fall Term, 1879, of MECKLENBURG Superior Court, before *Buxton, J.*

Verdict for plaintiffs, judgment, appeal by defendant.

*Messrs. Dowd & Walker*, for plaintiffs.

*Messrs. W. P. Bynum* and *Jones & Johnston*, for defendant:

As to application of money where creditor holds more than one debt, and where payment will affect jurisdiction. *Wheeler* v. *House*, 27 Vt., 735; *U. S.* v. *Kirkpatrick*, 9 Wheaton, 720. The creditor having once made application cannot afterwards change it without debtor's consent, 7 How., 691; 5 Pet., 69. Express declaration at time of payment as to which debt money is to be applied, is not essential; intention may be proved by previous or subsequent instructions. 2 Chitty on Contracts, 1,112; 74 Ill., 238; 12 N. J. Eq., 233. See also *Hawkins* v. *Long*, 74 N. C., 781. Where there are two demands, money will be considered as having been paid in discharge of the one which the amount will satisfy. *Caldwell* v. *Wentworth*, 14 N. H., 431. Cannot apply half to each. *Wheeler* v. *House, supra.*

DILLARD, J. The defendant was indebted to the plaintiffs in two small sums by account, and by two bonds, both dated the same day, and each for the sum of two hundred and seventy-five dollars, one falling due at thirty days after date, and the other at forty-five days, and the action was begun

in a justice's court on the bond last falling due, to-wit: on the one executed at forty-five days, credited by one hundred and twenty-five dollars endorsed as paid on the 27th of January, 1876. The defence made in the justice's court, and relied upon on appeal in the superior court, was that defendant had paid plaintiffs, at the time of the credit on the bond in suit, the sum of two hundred and fifty dollars and had directed the application thereof to the payment of the open accounts, and the balance as far as it would go, on the bond falling due at thirty days. And it was claimed that instead of applying the sum paid as directed, which would have left only the last bond unpaid, which is for a sum beyond the jurisdiction of a justice's court, the plaintiffs have credited the sum paid in equal parts on the two bonds, and this in effect kept on foot four causes of action against him within a justice's cognizance, two on the accounts and two for the balance on the two bonds.

On the trial in the superior court, His Honor, with a view to have the controverted fact of application settled, framed and submitted to the jury two issues:

1. Did defendant on the morning of the 27th of January, 1876, pay the two hundred and fifty dollars on general account, or did he when he parted with the money reserve the right to make the application in the afternoon? [Ans. Money paid on general account.]

2. If the right was reserved, were any directions given by the defendant to apply the money first in settling the two accounts and the balance to go on one of the notes?

The evidence adduced so far as it is material to understand the point of error assigned in the refusal of His Honor to give one of the special instructions requested by defendant, was, that on the morning of the 27th of January, the defendant went to the store of the plaintiffs and handed the money to the book-keeper of the firm, stating to him at the time to have his papers arranged, and that he would call

again that afternoon and arrange the matter. The partner, Rintels, having died, the defendant was not allowed to state the terms of an agreement claimed to have been made with him as to the application of the payment, but was permitted to tell what he told Wittkowsky in relation thereto, and Wittkowsky's reply ; and thereupon defendant testified that on the day of the payment of the money he told Wittkowsky that Rintels had agreed with him that the payment should be applied first to the open accounts and then to the note first falling due, and that Wittkowsky replied he preferred to apply the money on general account and to have new notes each for half of the balance; and he said that he and Wittkowsky disagreeing as to the application, they broke up, and soon thereafter the sum paid was applied one-half on one note and the other half on the other, and the present action was brought.

In view of this evidence defendant requested His Honor to instruct the jury, first, that if they believed that there had been a previous agreement with Rintels as to the manner in which the cash payment should be applied and that defendant paid the money to the book-keeper in the manner described by him, then that defendant had the right on his return in the afternoon to have the application made according to the arrangement with Rintels; and secondly, that if they believed that defendant paid the money to plaintiffs' book-keeper, reserving the right to make the application, he had the right to direct the application at the time of his return in the afternoon.

His Honor refused the first, but gave the second instruction, and then went on and instructed the jury that if defendant made no application, the creditor might apply as he saw proper, the payment under such circumstances being regarded in law as made on general account and applicable at the will of the creditor.

It is claimed by the defendant that he was entitled to his

first instruction and that the refusal of His Honor to give it was error. Assuming that an agreement had been made by Rintels for the application of the payment as contended for defendant, the arrangement was on the behalf of the firm and within the scope of his powers as agent of the firm and as such bound both partners. And the payment of the money thereafter was in law located and applied at the instant of delivery to the book-keeper, or at least was a deposit subject to such arrangements as might be made on the defendant's promised return in the afternoon. The defendant was not allowed to testify directly to the agreement of Rintels as to how the money was to be applied, but was allowed to speak of the terms thereof communicated by him to Wittkowsky while the controversy was going on in the afternoon with him, and of the reply of Wittkowsky, not denying the same but expressing a preference to have it applied differently.

To what end was the recital of the agreement with Rintels made by defendant to Wittkowsky and the conversation between them on that subject admitted in evidence to the jury? It was received without objection so far as the record discloses. It must have been received for the reason that it bore upon the question in dispute, and was fit to be considered by the jury in connection with the arrangements to be made on the return of the defendant in the afternoon, in finding whether any and what destination was given or to be given to the money.

We think the visit of Rintels to defendant on the subject of the claims a few days before the payment, the payment on the morning of the 27th of January to the book-keeper with direction to arrange the papers by the afternoon, the return of the defendant as promised and the arrangement then requested, together with the recital of Wittkowsky of the location agreed to be given to the money by his partner, followed by no denial of the agreement of Rintels, but merely

by a declaration of a preference to apply the money otherwise, was some evidence, the weight of which should have been left to the jury, of the understanding claimed to be had with Rintels; and if so believed by the jury, then on defendant's call in the afternoon, he would have the right to make the application as claimed in his first instruction, and this should have been submitted to the jury under the first request of the defendant. His Honor did not submit the evidence to the jury at all, neither under the first instruction to which it was in terms pertinent, nor in connection with the other instruction which was asked and given.

The instruction asked and given as to a reservation of right to make application of the payment, in express terms confined the inquiry of the jury to a reservation *at the delivery of the money* to the book-keeper; and what the defendant said at that time about returning in the afternoon and then arranging the matter being in itself equivocal, it would most likely have aided the jury if the evidence on which the first instruction was asked had been left to them in passing on the second issue.

In our opinion, the refusal of the first instruction asked by the defendant, and the giving the one that was given, deprived the defendant of all consideration by the jury of so much of the evidence as related to the agreement with Rintels and the conversation in regard thereto between defendant and Wittkowsky, and therein just ground existed for complaint by the defendant.

There is error. The judgment of the court below is reversed, and this will be certified to the end that a new trial may be had.

Error.                                         *Venire de novo.*