S. WITTKOWSKI Surviving Partner, &c., v. S. W. REID.

*Debtor and Creditor—Right to apply Payment.*

Where a debtor owes notes and accounts to the same creditor and pays money on general account without directions as to its application, the creditor has the right to appropriate it to either debt.

(*Sprinkle* v. *Martin*, 72 N. C., 92, cited and approved.)

CIVIL ACTION tried on appeal from a justice of the peace at Fall Term, 1880, of MECKLENBURG Superior Court, before *Seymour, J.*

Verdict and judgment for plaintiff, appeal by defendant. Same case, 82 N. C., 116. ·

*Messrs. Dowd & Walker,* for plaintiff.

*Messrs. Jones & Johnston* and *Bynum & Grier,* for defend-
ant.

SMITH, C. J.   This action, commenced before a justice of
the peace and carried by appeal to the superior court, is
brought upon a note executed by the defendant to the firm
(of which the plaintiff is the surviving member) in the sum
of $275 with a credit of $125 endorsed thereon by the plain-
tiff as a payment from moneys received from the defendant,
and the point presented in the appeal is his right to make
the appropriation and thus bring the claim within a jus-
tice's jurisdiction.

The concurring testimony of the plaintiff and the defend-
ant on the trial of the issues before the jury was substan-
tially this : The indebtedness of the defendant, over $600,
consisted of two notes of $275 each, (this in suit being one
of them) and two open accounts of about $80.   On the morn-
ing of January 27th, 1876, the defendant came to the plain-
tiff's store and handed him $250 in money, remarking,
" this is all I can pay to-day, and you must wait a while
longer for the balance," and the plaintiff replied, " let us ar-
range the debt you owe and make a final settlement."   To
this the defendant assented and requested the plaintiff to
have the papers ready in the afternoon on his return.   The
plaintiff thereupon directed his book-keeper to add up the
amounts of the notes and accounts, deduct the money paid,
draw three notes in equal sums for the balance, payable in
twenty, forty, and sixty days, and cancel the old notes. This
was done, and when the defendant came in the afternoon,
the new notes were handed to him for his signature, when
he remarked, "why not have them all in one note ?" and
the plaintiff answered, "why not have all in three notes ?"
The notes were not signed, and without giving any further
directions the defendant left.   During that evening or on

the next morning, the plaintiff entered a credit of $125 on each one of the notes.

There were several issues submitted presenting the trans-action, as detailed, in different legal aspects, the first of which was in these words:  "Did the defendant on the morning of the 27th of January, 1876, pay the $250 on gen-eral account, or did he then reserve the right to make the application in the afternoon?" and the jury responded, "it was paid on general account." The finding of the jury upon this in the opinion of His Honor dispensed with the finding upon the other issues, and in this we concur.

The facts testified and which are not controverted are few and simple, and their effect is a question of law to be decided and declared by the court. The gene-ral rule governing the application of payments when there are several debts and the sum paid is insufficient to discharge them all, is well settled, and is stated in clear and concise terms in *Sprinkle* v. *Martin*, 72 N. C., 92, following other previous cases cited: "A debtor owing two or more debts to the same creditor and making a payment, may at the time direct the application of it; if the debtor does not direct the application at the time, the creditor may make it; if neither debtor nor creditor makes it, then the law will apply it to that debt for which the creditor's secu-rity is most precarious."

In the present case it is plain the defendant made no ap-plication, nor did the plaintiff in preparing the statement of the aggregate indebtedness. This, as contemplated by both, was to be an extinguishment of all existing claims in whatever form and the substitution of a new security for the residue. No discrimination between the debts was in-tended by either. As the proposed plan of settlement failed by reason of the disagreement as to the giving of one or three new notes for what remained of the debt, it did not impair the rights of either or change their respective rela-

# IN THE SUPREME COURT.

tions as to the disposition and appropriation of the money. The plaintiff then had and soon after exercised the right vested in him by law to make the appropriation, and his act is binding upon both. The judge should have instructed the jury that as the previous facts did not amount to an application by the debtor nor a reservation of the right to make it afterwards, and such power has not been attempted to be exercised, the appropriation by the plaintiff was valid and effective; and the omission is supplied by the finding of the jury. There is no error in the ruling of the court of which the defendant can complain, and the general charge in relation to the application of payments, though not called for perhaps by the evidence, is not erroneous in law nor unfavorable to the defendant. The verdict of the jury is fully supported by the evidence. The judgment must therefore be affirmed.

No error. Affirmed.