B. F. LONG, Adm'r, v. J. S. MILLER, et als.

*Evidence—Application of Payment—Statute of Limitation.*

1. A debtor owing several debts has the right to apply a payment made by him to any of such debts, but this right must be exercised when the money is paid, otherwise the right to make the application devolves on the creditor.

2. Where the administrator of a creditor drew an order on two of the sureties to a promissory note, and credited the amount of such order on the note, which order was paid by one of the sureties; *It was held,* that this was a payment on the note and prevented the bar of the statute of limitation as to the surety making the payment; *Held further,* that the intention of the debtor, uncommunicated to the administrator, to apply the payment to another debt, cannot affect the application.

3. Where the administrator of a creditor draws an order on a debtor to pay a certain sum, which will be credited on a certain debt, the debtor has no right, without the consent of the administrator, to alter the order so as to make the payment on another debt, and if he pays the order, it will be applied in law to the debt designated by the drawer in the order.

4. Evidence of a conversaton after such payment, between the administrator who is dead, and the debtor, is not admissible in an action by an administrator *de bonis non,* to change the application of the payment.

5. *Quœre.* Whether such conversation would fall under the provisions of §590 of The Code.

(*Sprinkle* v. *Martin,* 72 N. C., 92 ; *Wittkowski* v. *Reid,* 82 N. C., 116 ; same case, 84 N. C., 21 ; *Vick* v. *Smith,* 83 N. C., 80, cited and approved).

CIVIL ACTION tried before *Montgomery, Judge,* and a jury, at August Term, 1885, of IREDELL Superior Court.

There was a judgment for the plaintiff, and the defendant appealed.

*Messrs. Scott & Caldwell* and *W. M. Robbins,* for the plaintiff.
*Messrs. R. F. Armfield* and *D. M. Furches,* for the defendant.

SMITH, C. J.    The appeal of the defendant Miller, from the judgment rendered against him, brings up for review the correctness of the ruling of the Court, upon the question of the effect upon his liability, to be attributed to the entering of the credit on the note under the circumstances detailed in the evidence. The plaintiff produced the note, bearing the endorsement of a payment of one hundred and five dollars, in the hand-writing of the deceased administrator Tucker, then acting as such, bearing date May 12, 1881, and an order, obtained from the appellant, on notice to produce, of the same date, in form as follows:

STATESVILLE, N. C., May 12, 1881.
*Messrs. J. S. Miller and S. A. Sharpe:*

DEAR SIRS:—Please pay Milholland & Bell one hundred and five dollars, to be credited on your note due A. Mitchell's estate.
T. S. TUCKER,
Administrator of A. Mitchell.

The note showed a defacing mark in pencil drawn across the name of Sharpe.

The testimony of the appellant Miller, examined as a witness on his own behalf in reference to the transaction, is in substance,

that he first saw the order drawn by the administrator, Tucker, when presented by the said Milholland, about the time it bears date; that he remarked to Milholland that Sharpe had nothing to do with the matter, and the inserting of his name was a mistake, at the time running a pencil line through it; that he himself owed an individual note to the intestate's estate, and would pay the order on that; that he paid the order, and when asked by his own own counsel, added that his intention was to make the payment of the order on his individual debt, and not on that of Miller and Sharpe.

Milholland testified in effect, that before he went to Tucker for the order, the appellant had told him that he owed the intestate an individual debt, and if he would get the order from the administrator he would pay it; that he did not communicate to the latter what appellant had said, when he presented his account for the monument erected in memory of the intestate and received the order from the administrator, nor was he requested to do so.

The appellant's counsel proposed further to prove by him that he told the administrator how he wanted the money applied, *not at the time of payment*, but how long afterwards he was unable to say. On objection, the evidence was ruled out, but on what grounds, it is not stated.

While it may be questioned whether this is a "communication," falling under the interdict of §590 of The Code, it was inadmissible to change an application before made, if such is the effect to be given to the endorsement, or to vary the previously fixed relations of the parties thereto.

A debtor who owes several separate and distinct debts, has a right to direct the application of any payments he may make, to such of them as he chooses, but this right must be exercised at the time *when the money is paid;* otherwise, the right to make the appropriation devolves upon the creditor. This rule is well established in the adjudications of this Court, to which appellant's counsel have referred in their brief. *Sprinkle* v. *Martin,*

72 N. C., 92; *Wittkowski* v. *Reid,* 82 N. C., 116; *Vick* v. *Smith,* 83 N. C., 80; *Wittkowski* v. *Reid,* 84 N. C., 21.

The subject is thoroughly examined in Munfer App. Pay., 32, ·with numerous citations.

The inquiry, then, is whether under the facts shown, the debtor has exercised his right to make the application in the manner and at the time prescribed. The Court was asked by the appellant to charge the jury that if the appellant had the conversation detailed by himself and Milholland with the latter, and when he took up the order, intended to apply the payment to his individual, and not to the surety debt, the statute would not be arrested; and that it devolved on the plaintiff to show affirmatively that Miller intended the payment to be on the last named debt, in order to remove the statutory bar.

The Court charged the jury as follows: "If you find that Tucker, the administrator, drew the order exhibited in evidence, and entered the credit on the surety note; that Milholland presented it to Miller, who paid and took it up, then it was a payment on that note. Miller had no right to change the form of the order by striking out the name of the drawee Sharpe, and then paying the money without the consent of the drawer, Tucker. If he did not wish to pay the order and let the sum be placed as a credit on the note described in it, he should have refused payment until the form of the order was changed, but having paid it without modification, the payment was *eo instanti* a payment on the note in suit, according to the testimony of both Miller and Milholland."

It will be observed that the refused instructions proceed upon the ground that the unexpressed intentions of the appellant, alone, were to control in determining how the money paid should be applied, ignoring the fact that there are two parties to the transaction, a *receiving* as well as *paying* party, who must concur in the act. While the debtor may elect when he makes a payment how the money shall be applied, the creditor must consent to receive it, as thus appropriated. But the true rule is laid down by the Court.

Here the administrator distinctly announces in the order how the money is to be applied. The debtor, without making any objection which he may have to its form known to the drawer, takes it up, and thus assents to the appropriation intended and expressed in the face of the instrument itself.

The last exception based upon a supposed agency in Milholland to bind the administrator by his assumed assent to the appropriation of the money by Miller, has no support in the facts. There is no evidence of any such agency, and if there was, it is restricted in the terms of the order, to the receipt only of money to be paid on account of, and to be accredited on, the surety debt.

As the debtor chose to take up an order based upon a special indebtedness of Miller, the law determines the appropriation at once; and if it did not, the election of the creditor has made it, by his contemporary act in putting the credit upon the note.

There is no error, and the judgment must be affirmed with costs.

The cause will proceed in the Court below as adjudged in the plaintiff's appeal in the case.

No error. Affirmed.