WINNIE YOUNG v. JOHN R. ALFORD, Administrator of SIMON ALFORD.

*Statute of Limitations—Endorsement of Credits on a Note Barred by Lapse of Time—Payment by Specific Articles— Evidence.*

1. The mere endorsement of a credit on a note by the holder (even though supported by a counter-claim in favor of the debtor) will not have the effect of reviving the liability on a note barred by the lapse of time, but only an actual payment made and received as such.

2. To make specific articles a payment they must be received as payments or, by subsequent agreement, applied as payments.

3. In the trial of an action on three bonds, it appeared that plaintiff, some years after they were barred by lapse of time, got a quart of brandy of the defendant's intestate and offered to pay him for it, but he said: "No, he owed her; let that go on, as he already owed her more than he could ever pay;" no price was named for the brandy, and no request was made to apply its value to any indebtedness, and no specific indebtedness was mentioned. There was an endorsement of a credit of twenty-five cents upon each of the bonds of a date within ten years before suit was brought, but there was no evidence that the debtor directed or assented to such endorsement, nor any evidence *aliunde* such endorsements that they were put on the notes the day they purported to have been, nor any as to the handwriting of such entries : *Held*, that there was no evidence sufficient to go to the jury to prove a payment.

CIVIL ACTION, tried at April Term, 1893, of FRANKLIN Superior Court, before *Shuford, J.,* upon three bonds for money alleged to be due the plaintiff, aggregating $1,067. There were various credits on the bonds, but only one within ten years before suit brought, and that for twenty-five cents endorsed upon each.

The defendant admitted the execution of the bonds by his intestate, but denied the credits and the dates thereof as alleged. A concise and sufficiently explicit statement of the plaintiff's testimony is contained in the opinion of Associate Justice CLARK.

There was a verdict for the plaintiff, and defendant appealed from a judgment rendered thereon.

*Mr. E. W. Timberlake,* for plaintiff.
*Mr. F. S. Spruill,* for defendant (appellant).

CLARK, J.: The evidence adduced by plaintiff to prove a payment was not sufficient to go to the jury, and it was error to refuse the defendant's ninth prayer for instruction to that effect. According to that evidence—putting out of view the defendant's testimony—the plaintiff, some years after the bonds were barred by the lapse of time, got a quart of brandy

of the defendant's intestate and offered to pay him for it, but he said: "No, he owed her; let that go on, as he already owed her more than he could ever pay." There was no price named for the brandy, no request to apply its value to any indebtedness, and no specific indebtedness mentioned. This was either a refusal to accept any payment for the brandy, under the circumstances, or, at most, a sale on credit. There was nothing to indicate that the brandy was to be credited as a payment on the three bonds, nor to authorize the plaintiff to estimate the value of the brandy herself, and dividing it into three parts to credit the bonds with twenty-five cents each with the view of bringing them back into date. This was solely the act of the plaintiff, while payment, if made at all, could only have been made by the debtor. There is no evidence of any kind that he directed or assented to this crediting the three several bonds, aggregating over $1,000, or any one of them. Nor was there any evidence, *aliunde* the credits themselves, that they were put on the bonds the day they purported to have been, nor was there any evidence as to the handwriting of such entries. "It is not the mere endorsement of a credit upon the note, even when supported by a counter-claim, by the holder, which will have the effect of reviving the liability, but an *actual payment* made and received as such." *Bank* v. *Harris*, 96 N. C., 118, citing *Woodhouse* v. *Simmons*, 73 N. C., 30; 2 Greenleaf Ev., § 444.

A case exactly in point is *Locke* v. *Andres*, 29 N. C., 159, in which it is held by RUFFIN, C. J., that to make specific articles a payment they must be received as payments, or, by subsequent agreement, applied as payments, and that the Court below properly refused to submit to the jury the question of payment, when the evidence was simply that the debtor had at several times let the creditor have small quantities of bacon.

The plaintiff cited several authorities to the effect that if the debtor make no application of a payment, the creditor

can make it. But that is when there is a payment. A set-off or counter-claim is not a payment. *White* v. *Beaman,* 96 N. C., 122, relied on by plaintiff, differs from this case. There the creditor asked for a payment; the debtor offered to make a payment in whiskey, which was accepted. The creditor thereupon stated that he would enter it as a credit on the note, and did so enter it. Error.