E. A. GUPTON v. Mrs. FANNIE HAWKINS, Executrix of P. B. Hawkins.

(Decided February 27, 1900.)

*Note Under Seal—Statute of Limitations—Endorsed Receipts—Evidence.*

1. When the statute of limitations is pleaded, the burden of repelling the statute rests upon the plaintiff. Clark's Code (3d Ed.), sec. 151.

2. The maker of a note being dead, payments endorsed, and the dates thereof, relied upon to repel the bar, must be proved by some other person than the plaintiff, who is incompetent under The Code, sec. 590.

6——126

CIVIL ACTION upon a note under seal for $24, heard upon appeal from Justice's Court, before *Moore, J.*, at April Term, 1899, of FRANKLIN Superior Court.

*Copy of Note.*

Due and payable on demand to E. A. Gupton, sheriff, twenty-four dollars, for value received.

As witness my hand and seal this 9th day of September, 1871.

(Signed)   PHIL'M B. HAWKINS.   [Seal.]

*Endorsements.*

Received September 11, 1873, two dollars of the within. Received September 8, 1880, four dollars of the within. December 11, 1889, received six and 50-100, in part of the within.   One-quarter bbl. flour, $1.25.

P. B. Hawkins died in January, 1891.

This action commenced November 24, 1896.

Among other defenses, the statute of limitations was pleaded.

After the note had been read in evidence, the plaintiff, over objection, was allowed to testify:   "The endorsements are all in my handwriting, and were made at the dates shown on back of note, except the last endorsement, I did not make that."

To all this defendant objected.   Objection overruled, and defendant excepted.

The endorsements on the note, except the last one, were allowed by the Court, and read to the jury.   Defendant excepted.

Verdict for the plaintiff.   Appeal by defendant.

*Messrs. C. M. Cooke & Son,* and *A. B. Andrews, Jr.,* for appellant.

*Messrs. F. S. Spruill,* and *W. H. Yarborough, Jr.,* for appellee.

CLARK, J.   The statute of limitations being pleaded the burden of proving the debt not barred is upon the plaintiff, for clearly a defendant could not prove the date of a payment which is denied.   Clark's Code (3d Ed.), sec. 151, and cases cited.   The plaintiff relied upon sundry credits endorsed on the bond by himself, but the statute is only suspended by proof of payment, not by the endorsement of credits, which are mere declarations of plaintiff in his own interest.   *Young v. Alford,* 118 N. C., 215.   It is necessary for the plaintiff to prove the date of the payments, *aliunde* the endorsement.   *Woodhouse v. Simmons,* 73 N. C., 30, (which explains *Williams v. Alexander,* 51 N. C., 137); *White v. Beaman,* 85 N. C., 3; *Grant v. Burgwyn,* 84 N. C., 560.   It was not competent for the obligee to testify that the payments were made by the obligor at the date of the credits endorsed, as that is a transaction with the deceased obligor, and forbidden by sec. 590.   *Bunn v. Todd,* 107 N. C., 266.   To prove *when* the obligor made them necessarily is to prove that *he* made them.

The plaintiff relies upon *Lockhart v. Bell,* 86 N. C., 442, and S. C. 90 N. C., 499, but that merely holds that it is competent for the obligee to show that the payment was made by an agent of the obligor, though the obligor is since deceased. It is competent for the obligor to give in evidence credits endorsed upon a note or bond in the handwriting of a deceased obligee, for this is a declaration against interest, and is the opposite of this case where the obligee seeks to remove the

bar of the statute by his own endorsements, which are declarations in his favor.

New trial.